IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

FRANCISCO JAVIER ARREOLA,

        Petitioner,

vs.                                             CIVIL NO. 99-1183 JC/LFG

JOE R. WILLIAMS, Warden, Lea County
Correctional Facility; and ATTORNEY GENERAL
FOR THE STATE OF NEW MEXICO,

        Respondents.

## MAGISTRATE JUDGE'S FINDINGS
## AND RECOMMENDED DISPOSITION[1]

THIS MATTER is before the Court on Respondent Joe R. Williams' November 23, 1999 Motion to Dismiss [Doc. 11]. Petitioner Francisco Javier Arreola ("Arreola") filed his "Petitioners Objection to Defendants Motion to Dismiss" [Doc. 13] on December 6, 1999.

## Findings

1. Arreola's petition for writ of habeas corpus was filed by Petitioner on September 17, 1999 and filed with the Court on October 12, 1999 [Doc. 1].

2. Respondent seeks dismissal of Arreola's petition, contending that it is untimely under Section 2254.

3. Arreola contends that his petition is filed pursuant to 28 U.S.C. § 2241 rather than 28 U.S.C. § 2254, and, therefore, is not time barred.

---

[1] Within ten (10) days after a party is served with a copy of these proposed findings and recommendations, that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such proposed findings and recommendations. A party must file any objections with the Clerk of the U.S. District Court within the ten-day period allowed if that party wants to have appellate review of the proposed findings and recommendations. If no objections are filed, no appellate review will be allowed.

4. Arreola's characterization of his claim as one arising under Section 2241 rather than Section 2254 is not dispositive. Roman-Nose v. New Mexico Dept. of Human Serv., 967 F.2d 435, 437 (10th Cir. 1992)(the characterization of the action and the claim for relief by a pro se litigant is not dispositive on the availability of relief in federal court); Brown v. Smith, 828 F.2d 1493, 1494 (10th Cir. 1987)(liberally construing a complaint filed under Section 1983 as a Section 2241 petition).

5. In any case, the difference between petitions brought under Section 2241 and those brought under Section 2254, when petitioner is in state custody, is not particularly clear:

> Since 1948, the primary way state prisoners have challenged the validity of their sentences is under § 2254 [footnote]. Unlike the clear division between § 2255 and § 2241 for federal prisoners, the circumstances under which a state prisoner can bring a § 2241 petition have not been well-defined . . . . This lack of precision lends credence to the theory that there is no conceptual difference between § 2241 and § 2254 for claims dealing with the validity of a sentence--the two statutes are essentially co-extensive . . . . [T]here is no case law to support the assertion that state prisoners have access to § 2241 in the case where remedy under 2254 is inadequate.

Deborah L. Stahlkopf, "A Dark Day for Habeas Corpus: Successive Petitions Under the Anti-Terrorism and Effective Death Penalty Act of 1996," 40 Arizona L. Rev. 1115, 1121 (1998).

6. While the question is far from settled where state prisoners are concerned, the Tenth Circuit has stated *in dicta* that Section 2241 is meant to be used for challenges to official action affecting execution of sentence, whereas, Section 2254 is meant to challenge imposition of sentence and conviction, Moore v. Perrill, 39 F.3d 1192, 1994 WL 628939, at *4, n. 4 (10th Cir. Nov. 10, 1994)(unpublished table decision).

7. In his petition, Arreola seeks to challenge his conviction and imposition of sentence rather than seeking to challenge any official action affecting execution of his sentence. Thus, regardless of

how Arreola characterizes his petition, it is clear that it is governed by Section 2254 rather than Section 2241. Id.

8. Arreola contends that the one-year limitation period of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") is not applicable to his petition. While this issue is somewhat unsettled when a petitioner under Section 2241 is in state rather than federal custody, the ultimate resolution is of no consequence in this case based on the Court's conclusion that this is, indeed, a petition under Section 2254. Nonetheless, the Court will analyze a one-year limitations period under Section 2241.

9. Congress did not amend Section 2241 to include a limitations period, and it is clear that federal prisoners proceeding under 2241 are not subject to the AEDPA limitation. However, the situation is different for state prisoners. The Section 2244(d) statute of limitation applies to all "application[s] for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1). Thus, by its terms, the one-year statute of limitation applies to claims under Section 2254 as well as those brought by state prisoners under Section 2241.

10. When the alleged constitutional violations are based on execution of the sentence, as they might be under Section 2241, it is possible that violations could occur long after conviction. Thus, the limitations period would start to run, not on the date the judgment of conviction became final, but rather on "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence," 28 U.S.C. § 2244(d)(1)(D), since this would be the "latest of" the accrual dates, as required by statute.

11. Congress could have explicitly provided in the AEDPA that the one-year limitations period for state prisoners is restricted to claims brought under Section 2254. This, it did not do. The

3

Court can discern no policy basis for making a distinction for cases brought under Section 2254 and 2241 for purposes of the statute of limitations, even though Congress did so for federal prisoners. Any concerns about fairness raised by the fact that constitutional violations affecting execution of a sentence tend to occur later than the date on which the conviction became final could be addressed by applying the accrual date based on "discovery of the factual predicate."

12. Allowing habeas corpus petitioners in state custody to change the label of their petition in order to avoid the statute of limitations would only result in a spate of cases requiring courts to make fine distinctions between state Section 2241 and 2254 petitions, distinctions which heretofore have not been well-defined by statute or case law. It is unlikely that Congress intended to require courts to address this issue as a prerequisite to determining whether the statute of limitation under Section 2244(d) applies.

13. Thus, the Court concludes that Section 2241 petitions brought by persons in state custody, as well as Section 2254 petitions, are subject to the one-year limitations period of 28 U.S.C. § 2244(d). Thus, even if Arreola had legitimately brought his petition under Section 2241, his claim would still be subject to the one-year statute of limitations.

14. Arreola's petition was filed subsequent to the effective date of the AEDPA, which was applicable to cases filed after April 24, 1996. Aycox v. Lytle, ___ F.3d ___, No. 98-2298, 1999 WL 1037603, at *1 (10th Cir. Nov. 16, 1999); Hatch v. Oklahoma, 92 F.3d 1012, 1014 (10th Cir. 1996).

15. The AEDPA modified statutes governing habeas corpus by creating a one-year statute of limitations. The statute provides that the one-year period of limitation applies to petitions for a writ of habeas corpus by a person in custody pursuant to a judgment of the state court, and runs from the latest of:

>   (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
>   (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>   (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>   (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1), as amended.

16. In <u>Hoggro v. Boone</u>, 150 F.3d 1223 (10th Cir. 1998), the Tenth Circuit set out a framework for construing timeliness of petitions under 28 U.S.C. § 2244(d)(1) and allowing for appropriate tolling times when state collateral proceedings were filed.

17. In accord with <u>Hoggro</u>, the Court notes that the New Mexico Court of Appeals issued its memorandum opinion on October 27, 1997, affirming Arreola's convictions. (Answer, Ex. I).

18. Arreola was afforded ninety days within which to petition the Supreme Court for a writ of certiorari. <u>Rhine v. Boone</u>, 182 F.3d 1153 (10th Cir. 1999)(the judgment is not final and the one-year limitation period for filing federal post-conviction relief does not begin to run until after the United States Supreme Court has denied review or, if no petition for certiorari is filed, after the time for filing a petition for certiorari with the Supreme Court has expired). In Arreola's case, that date is January 25, 1998.

19. Arreola signed his federal habeas petition on September 17, 1999. He failed to certify

the date on which the petition was deposited in the inmate legal mail system. However, assuming that it was mailed on the same date it was signed, 600 days elapsed from January 25, 1998 to the effective date of filing. From this 600-day figure, it is appropriate to subtract the time that "a properly filed application for state post-conviction or other collateral review" was pending.

20. The record proper shows that Arreola filed two state habeas proceedings. (Respondent's Answer, Exs. J & O).

21. The first petition was pending for thirty-nine days, from November 6, 1998, when it was filed, to December 15, 1998, when the State's high court denied Arreola's petition. (Respondent's Answer, Exs. J & N).

22. The second petition was pending for seventeen days, from August 13, 1999, when it was filed, to August 30, 1999, when the New Mexico Supreme Court denied Arreola's petition. (Respondent's Answer, Exs. O & R).

23. Combining the thirty-nine days on the first petition with the seventeen days on the second petition, Arreola was entitled to toll, or subtract, fifty-six days from the 600, which elapsed from the date the time for filing a petition for certiorari with the Supreme Court passed, and Arreola's filing of his habeas petition. That difference is 542 days, a time well in excess of the one-year limitation.

24. The Court finds that Arreola's petition for writ of habeas corpus is untimely, as it was filed outside of the statute of limitations, and, therefore, Respondent's motion to dismiss the petition as untimely should be granted.

**Recommended Disposition**

That Respondent's motion to dismiss be granted and that the petition be dismissed with prejudice.

_____
Lorenzo F. Garcia
United States Magistrate Judge

PETITIONER:
Francisco Javier Arreola, pro se

FOR RESPONDENTS:
Patricia A. Gandert, Esq.